UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDWYN O. HECTOR, aka          ) Case No. EDCV 09-0591-RC
EDWYN ONGLEY HECTOR, aka      )
EDWYN OMAR HECTOR,            )
                             )
                Petitioner,  )
                             )
vs.                          ) OPINION AND ORDER
                             )
M.E. POULOS, WARDEN,         )
                             )
                Respondent.  )
_____)

On March 25, 2009, petitioner Edwyn O. Hector, aka Edwyn Ongley
Hector, aka Edwyn Omar Hector, proceeding pro se, filed his initial
habeas corpus petition under 28 U.S.C. § 2254, and on March 27, 2009,
the Court determined petitioner had failed to name the proper
respondent and failed to sign and verify his petition, as required by
Rules 2(a) and (c) of the Rules Governing Section 2254 Cases in the
United States District Court, and dismissed the petition with leave to
amend.  On April 9, 2009, petitioner filed an amended habeas corpus
petition, and on April 22, 2009, petitioner filed a supporting
memorandum of points and authorities with numerous exhibits.  On
April 9, 2009, petitioner also filed a motion to stay and hold in

abeyance the amended petition, and this Court denied that motion on April 10, 2009, finding petitioner had failed to identify any new claims he wanted to exhaust.  On June 9, 2009, respondent filed an answer to the amended petition, and on July 27, 2009, petitioner filed his reply.

In the amended habeas corpus petition, petitioner raises the claims that defense counsel was ineffective for:  (1) "not challenging relevant omissions and misstatements in the affidavit for search warrant"; and (2) "not challenging the face of the search warrant as being general and lacking particularity."[1]  Amended Petition at 5.

**BACKGROUND**

On June 28, 2006, in Riverside County Superior Court case no. BAF004751, the People filed an information charging petitioner with one count of being a felon in possession of a firearm in violation of California Penal Code ("P.C.") § 12021(a)(1) (count 1), one count of wilfully and unlawfully possessing a short barrel twelve gauge shotgun in violation of P.C. § 12020(a)(1) (count 2), and one count of being a felon in possession of ammunition in violation of P.C. § 12316(b)(1) (count 3),[2] and further charging petitioner with two prior strikes

---

[1]  The petitioner has exhausted his claims in the state courts, Lodgment nos. 10-15, as respondent acknowledges.  See Answer at III.

[2]  The petitioner was not charged with the robberies that took place in Beaumont on March 12, 2006, in Calimesa and Redlands on March 13, 2006, and in Calimesa on March 16, 2006, which were the crimes underlying the search warrant authorizing the search of petitioner's home that uncovered the firearms and ammunition petitioner was charged with illegally possessing.  See

under California's Three Strikes law, P.C. §§ 667(c), (e)(2)(A) and 1170.12(c)(2)(A).  CT 42-43.  On May 3, 2007, pursuant to a written plea agreement, petitioner pleaded guilty to, and was convicted of, all three counts, and petitioner admitted the two prior strikes.  CT 123-26; Reporter's Transcript ("RT") 50:6-52:18.  On June 19, 2007, the trial court struck one of petitioner's prior strikes, and sentenced petitioner to the total term of eight years and eight months in state prison.  CT 165-68; RT 53:3-72:8.

The petitioner appealed his sentence to the California Court of Appeal,[3] CT 169, which, in an unpublished opinion filed April 18, 2008 and modified on May 12, 2008, remanded the matter to the trial court for resentencing, finding the imposition of sentence on count 2 must be stayed under P.C. § 654, and in all other respects affirmed the Judgment.  Lodgment nos. 3-9, 16.  The petitioner did not seek review from the California Supreme Court.  Amended Petition at 3.

On August 25, 2008, the trial court resentenced petitioner to seven years and four months in state prison.  Lodgments A at 2, 5-6; Lodgments B-D.  The petitioner appealed the resentencing to the California Court of Appeal, Lodgment A at 4, 7; however, the appeal was dismissed at petitioner's request on March 16, 2009.  Lodgments F-H.

---

Clerk's Transcript ("CT") 67-76.

[3]  On appeal, petitioner claimed his sentence was improper, but did not challenge the trial court's refusal to quash the warrant issued to search his home or to suppress the evidence seized under the warrant.  See Lodgment nos. 3-7.

**DISCUSSION**

**I**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumscribes a federal habeas court's review of a state court decision." Lockyer v. Andrade, 538 U.S. 63, 70, 123 S. Ct. 1166, 1172, 155 L. Ed. 2d 144 (2003); Wiggins v. Smith, 539 U.S. 510, 520, 123 S. Ct. 2527, 2534, 156 L. Ed. 2d 471 (2003). As amended by AEDPA, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - [¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under AEDPA, a federal court shall presume a state court's determination of factual issues is correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The California Supreme Court reached the merits of petitioner's claims when it denied his habeas corpus petition without comment or

4

1  citation to authority.  Gaston v. Palmer, 417 F.3d 1030, 1038 (9th

2  Cir. 2005), amended by, 447 F.3d 1165 (9th Cir. 2006), cert. denied,

3  549 U.S. 1134 (2007).  Since no state court has provided a reasoned

4  decision addressing the merits of petitioner's claims, this Court must

5  conduct "'an independent review of the record'" to determine whether

6  the California Supreme Court's decision to deny the claim was contrary

7  to, or an unreasonable application of, clearly established federal

8  law.  Musladin v. Lamarque, 555 F.3d 830, 835 (9th Cir. 2009)

9  (citation omitted); Medley v. Runnels, 506 F.3d 857, 863 n.3 (9th Cir.

10  2007) (en banc), cert. denied, 128 S.Ct. 1878 (2008).

## II

13  "When a criminal defendant has solemnly admitted in open court

14  that he is in fact guilty of the offense with which he is charged, he

15  may not thereafter raise independent claims relating to the

16  deprivation of constitutional rights that occurred prior to the entry

17  of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267,

18  93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973); United States v. Broce,

19  488 U.S. 563, 574, 109 S. Ct 757, 765, 102 L. Ed. 2d 927 (1989);

20  Haring v. Prosise, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376,

21  76 L. Ed. 2d 595 (1983).  The principle behind this doctrine is that

22  "a guilty plea represents a break in the chain of events which has

23  preceded it in the criminal process." Tollett, 411 U.S. at 267,

24  93 S.Ct. at 1608; Haring, 462 U.S. at 321, 103 S. Ct. at 2377.  A

25  defendant who pleads guilty is convicted and sentenced according to

26  his plea and not upon the evidence.  Brady v. United States,

27  397 U.S. 742, 750, 90 S. Ct. 1463, 1470, 25 L. Ed. 2d 747 (1970).  By

28  pleading guilty, the defendant admits he committed the charged

offense, and all that remains for disposition of the case is imposition of the sentence and entry of the judgment.  North Carolina v. Alford, 400 U.S. 25, 32, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970).  Accordingly, almost the only pre-plea challenges to survive a guilty plea are whether the plea was voluntary, the defendant received ineffective assistance of counsel in deciding to plead guilty, or a jurisdictional defect precluded the Government's power to prosecute.  See, e.g., Broce, 488 U.S. at 569, 109 S. Ct. at 762; Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369, 88 L. Ed. 2d 203 (1985); Menna v. New York, 423 U.S. 61, 62, 96 S. Ct. 241, 242, 46 L. Ed. 2d 195 (1975) (per curiam); Blackledge v. Perry, 417 U.S. 21, 30, 94 S. Ct. 2098, 2103, 40 L. Ed. 2d 628 (1974).

Here, petitioner does not challenge his guilty plea, but claims he was denied his constitutional right to effective assistance of counsel because his trial counsel did not challenge the search warrant.  The respondent contends this claim is barred under Tollett.  See Answer at 11:18-14:4.  However, despite Tollett, there is some uncertainty whether a claim of ineffective assistance of counsel relating to a pre-plea motion to suppress evidence survives a guilty plea.  On the one hand, some Ninth Circuit opinions, as well as other appellate courts' opinions, hold Tollett bars such claims.  See, e.g., Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994), cert. denied, 516 U.S. 976 (1995) ("[Petitioner's] contention that his attorneys were ineffective because they failed to attempt to prevent the use of his confession is the assertion of an alleged pre-plea constitutional violation[,] . . . [which the court] will not consider . . . in this habeas appeal."); United States v. Bohn, 956 F.2d 208, 209 (9th Cir.

1992) (per curiam) (defendant's guilty plea waived his pre-plea

ineffective assistance of counsel claim); United States v. Ramos,

275 Fed. Appx. 581, 582-83 (9th Cir. 2008) (by pleading guilty,

defendant waived his claim that trial counsel rendered ineffective

assistance on his suppression motion under *Tollett*);[4] United States v.

Friedlander, 217 Fed. Appx. 664, 665 (9th Cir. 2007) (when defendant

pled guilty, he waived pre-plea claim that his trial counsel was

ineffective in her preparation and submission of two suppression

motions); United States v. Torres, 129 F.3d 710, 715-16 (2d Cir. 1997)

(declining, under *Tollett*, to address whether defense counsel "was

constitutionally ineffective by failing to interview and call certain

witnesses at a pretrial suppression hearing").  On the other hand, the

Ninth Circuit has, at times, considered a habeas petitioner's

ineffective assistance of counsel claim regarding a pre-plea

suppression motion.  See, e.g., Moore v. Czerniak, __ F.3d __, 2009 WL

2231650, *10 n.14 (9th Cir. (Or.)) ("[Petitioner's] challenge is not

to counsel's plea advice, . . . but to counsel's failure to file a

motion to suppress.  This challenge to the failure to file a motion is

a valid *Strickland*[5] claim clearly recognized by the Supreme Court in

*Kimmelman*.[6]  We have repeatedly recognized such *Kimmelman*-type

*Strickland* claims ever since *Kimmelman* was decided more than twenty

years ago, and we have done so in cases in which the defendant pled

rather than going to trial[.]" (citations omitted; footnotes added)),

---

[4]  See Fed. R. App. P. 32.1(a); Ninth Circuit Rule 36-3(b).

[5]  Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)

[6]  Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986).

*20 ("It is likely that, but for counsel's failure to file a suppression motion, [petitioner] would have not entered into the plea agreement that required him to plead no contest to a felony murder charge with a severe mandatory . . . sentence. . . ."); id. at *29 (Berzon, J., concurring) (Tollett "did not deal with circumstances in which the asserted pre-plea constitutional violation was ineffective assistance of counsel with regard to pre-trial practice, as opposed to constitutional violations by the court or the prosecution.  As to the latter variety of pre-plea constitutional violation, we assume that the petitioner had effective assistance of counsel in determining whether or not to challenge those violations in a timely manner, and so consider any such challenge waived as part of the guilty plea." (emphasis in original)); Weaver v. Palmateer, 455 F.3d 958, 972 (9th Cir. 2006) (addressing merits of ineffective assistance claim that counsel was constitutionally deficient "because of his failure to file a motion to exclude the lineup identifications prior to [petitioner's] entry of the guilty plea"), cert. denied, 128 S. Ct. 177 (2007); Langford v. Day, 110 F.3d 1380, 1386-88 (9th Cir. 1996) (addressing merits of ineffective assistance claim based on, among other grounds, attorney's pre-plea failure to explore suppression of confession, and stating "here the focus is not on an attorney's advice to plead guilty; it is on [defense counsel's] investigation of the case and advice regarding possible defenses"), cert. denied, 522 U.S. 881 (1997).  Given this uncertainty, the Court will address petitioner's ineffective assistance of counsel claim.

    To succeed on a claim of ineffective assistance of trial counsel, a habeas petitioner must demonstrate his attorney's performance was

deficient and the deficient performance prejudiced him.  Rompilla v.
Beard, 545 U.S. 374, 380, 125 S. Ct. 2456, 2462, 162 L. Ed. 2d 360
(2005); Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  The
petitioner bears the burden of establishing both components.  Williams
v. Taylor, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 1511-12,
146 L. Ed. 2d 389 (2000); Smith v. Robbins, 528 U.S. 259, 285-86,
120 S. Ct. 746, 764, 145 L. Ed. 2d 746 (2000).  "Deficient performance
is performance which is objectively unreasonable under prevailing
professional norms."  Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.
1990) (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2064).
Prejudice "focuses on the question whether counsel's deficient
performance renders the results . . . unreliable or the proceeding
fundamentally unfair."  Lockhart v. Fretwell, 506 U.S. 364, 372,
113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993); Williams, 529 U.S. at
393 n.17, 120 S. Ct. at 1513 n.17.  However, the Court need not
determine whether counsel's performance was deficient before
determining whether the defendant suffered prejudice as the result of
the alleged deficiencies.  See Strickland, 466 U.S. at 697, 104 S. Ct.
at 2069 ("If it is easier to dispose of an ineffectiveness claim on
the ground of lack of sufficient prejudice, . . . that course should
be followed."); Smith, 528 U.S. at 286 n.14, 120 S. Ct. at 764 n.14
(same).

     The record shows the following facts underlying petitioner's
ineffective assistance of counsel claim:  On March 17, 2006, Riverside
County Superior Court Judge Rodney Walker issued Search Warrant
#200618, and the execution of that warrant led to the seizure of the
evidence against petitioner and his arrest on or about March 20, 2006.

CT 56, 72-75.   On September 11, 2006, petitioner's then-defense
attorney, Deputy Public Defender Brian King, filed a notice of motion
and motion to traverse and quash the search warrant, and to suppress
the seized evidence under P.C. § 1538.5, on the ground <u>inter</u> <u>alia</u> that
"the affiant either intentionally or was grossly negligent in omitting
facts necessary for the issuing Magistrate in determining the
existence of probable cause for the authorization and issuance of the
search warrant."[7]   CT 50-79.   On October 10, 2006, the People filed an
opposition to the motion, CT 83-86, and on October 13, 2006, Judge
Walker heard the testimony of Sheriff's Deputy Kenneth Allen
Patterson, whose affidavit supported the issuance of the search
warrant.   <u>See</u> CT 64-70; RT 1:5-25:26.   The trial court then continued
the hearing on the motion to quash to October 20, 2006, so defense
counsel could present Anguiano as a witness.   CT 89.   On October 20,
2006, the trial court heard the testimony of Anguiano, RT 28:28-31:16,
who stated that when shown a field line-up of robbery suspects, he
"couldn't really tell if [petitioner] was [the robber] or not[,]" and
he told the sheriff's deputy, "I wasn't sure that it was him.   It
could've been him . . . [b]ut I wasn't sure. . . .   [T]he guy that
robbed me seemed like he was a little younger [than petitioner].   But
I **wasn't sure** because he was wearing a hat."   RT 30:10-21 (emphasis
added).   The trial court then denied the motion to quash the warrant
and to suppress the evidence, stating:

---

[7]   More specifically, defense counsel claimed Juan Anguiano,
one of the victim/witnesses of the robberies set forth in the
probable cause affidavit for the search warrant, could not
identify petitioner as the robber, and this information was
intentionally excluded from the affidavit supporting the search
warrant.   CT 50-79; <u>see</u> <u>also</u> footnote 1 above.

1       After listening to the testimony of Mr. Anguiano here today,

2       it is pretty clear to me that . . . had Officer Patterson

3       told me [in his affidavit] that Mr. Anguiano had been

4       brought to an in-field show up and had been unable to either

5       positively identify the suspect or positively cut him loose

6       or at least eliminate him as a suspect that it wouldn't have

7       made much difference one way or the other.  I would've

8       weighed the application and affidavit on all its other

9       particulars.  In having heard the testimony here today it's

10      my opinion that the motion to quash and/or traverse has to

11      be denied and it is.

13 RT 33:12-23.

15     On November 7, 2006, attorney Parwana Anwar substituted in as

16 petitioner's counsel, CT 92, and on February 7, 2007, Anwar filed a

17 second motion to traverse and quash the search warrant, and to

18 suppress evidence under P.C. § 1538.5, the Fourth and Fourteenth

19 Amendments, and Article I, Section 13 of the California Constitution,

20 arguing inter alia that "the affiant intentionally mislead or omitted

21 facts necessary for the issuing Magistrate in determining th existence

22 of probable cause for the issuance of a search warrant."  CT 96-108.

23 Specifically, Anwar argued the affiant intentionally or recklessly

24 omitted the following facts from the probable cause affidavit:  (1)

25 although the affiant "stated that [petitioner] matched the description

26 given by" Anguiano, Anguiano described the perpetrator as having no

27 facial hair, while petitioner had a goatee and mustache; (2) the

28 affiant "included in his affidavit that an individual observed a

subject run from the direction of the Shell Gas Station after the robbery and get into a 2002-2004 Chevrolet Corvette, black or dark grey in color with a *hardtop*" and "provides this 'matching description and recovery of the Chevrolet Corvette owned by [petitioner]' . . . as a basis for the issuance of the warrant"; however, the individual "described the suspect as wearing a white shirt, black jacket, and black pants," while Anguiano described the suspect "as wearing a red and white striped shirt, light blue and gray checkered Bermuda style shorts, and a white 'golf' style hat" and petitioner owned a convertible Corvette rather than a hardtop; and (3) the affiant "noted in his affidavit that Deputy Berryman detected the strong odor of an alcoholic beverage coming from the interior of [petitioner's] vehicle[;] however[,] no beer cans or alcohol containers were found inside[,]" and, even though petitioner "had an open bottle of orange juice mixed with Hennessey inside his vehicle that was removed by the deputies[,] [t]his was never mentioned . . . in [the] affidavit for the search warrant."  CT 101-02.

On February 23, 2007, the trial court granted Anwar's motion to withdraw as petitioner's attorney, allowed Eric Isaac to substitute in as counsel, and continued the hearing on the motion to quash the search warrant.  CT 111-12; RT 35:4-38:5.  On March 22, 2007, the People filed an opposition to the motion to quash, CT 113-19, and on March 23, 2007, the trial court granted petitioner's request to continue the suppression hearing so his new counsel could supplement the motion to quash.  CT 120.  On April 4, 2007, Isaac filed a supplemental motion to traverse and quash the search warrant, and to suppress evidence under P.C. § 1538.5, arguing "there was not enough

credible evidence to justify Detective Patterson's request for the issuance of the warrant" in that Anguiano described the suspect as having no facial hair, while petitioner "had a full grown mustache and a full grown 'devil's point' (hair under his lip)" when arrested. Lodgment no. 16, Exh. A.  On April 20, 2007, Judge Walker held a hearing on the motion to quash, and denied the motion, stating that "those factors [identified in both motions to quash] are not significant enough . . . to cause me to feel any differently about the probable cause that I believe existed in the affidavit in support of the warrant."  CT 122; RT 39:3-47:13.

Here, in Ground One, petitioner claims he was deprived effective assistance of counsel because:

> a reasonable attorney would have elicited all arguments for suppressing in his written motion and at the [first] hearing.  As established below, the fact the victim could not identify petitioner as the robber and stated he believed petitioner looked younger, especially after indicating he would definitely be able to recognize the robber, were material.  Of course, petitioner's age of 45 similarly was material.  Likewise, . . . the fact petitioner's car was a convertible, rather than a hardtop as explicitly described by [a witness] who reported seeing a person leaving the area of the most recent robbery in a hardtop Corvette, and petitioner had facial hair while the robber had no facial hair, are material.  Further, the central fact that [the witness'] description of a person with completely different

1     clothing than the robber was material to the significance of

2     the black hardtop [C]orvette.  Such facts were not argued to

3     the court at the suppression hearing.

5  Petitioner's Memorandum of Points and Authorities ("Memo.") at 4-5.

6  In essence, petitioner claims ineffective assistance of counsel

7  because King, his initial defense counsel, did not raise in the first

8  suppression motion all of the arguments defense attorneys Anwar and

9  Isaac raised in the second suppression motion.  The petitioner,

10  however, cannot escape the fact that all the arguments petitioner

11  identifies were raised by one or another of his defense attorneys, and

12  Judge Walker rejected all of them.  CT 50-79, 96-108, 122; RT 1:5-

13  33:23, 39:3-47:13; Lodgment no. 16, Exh. A.  Thus, petitioner cannot

14  show any prejudice, see Bailey v. Newland, 263 F.3d 1022, 1029 (9th

15  Cir. 2001) ("'[I]n order to show prejudice when a suppression issue

16  provides the basis for an ineffectiveness claim, the petitioner must

17  show that he would have prevailed on the suppression motion, and that

18  there is a reasonable probability that the successful motion would

19  have affected the outcome.'" (citations omitted)), cert. denied,

20  535 U.S. 995 (2002), and his ineffective assistance of counsel claim

21  is without merit.  Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1170 (9th

22  Cir. 2003); Bailey, 263 F.3d at 1029.

24     The petitioner also claims his trial counsel was ineffective in

25  not seeking to suppress the shotgun found during the search of his

26  residence on the ground that the search warrant was overbroad,

27  allowing the search for "[a]ny and all firearms" rather than a

28  handgun, which is what the robbery suspect was described as carrying.

1   Memo. at 16-19.  This claim is without merit for numerous reasons.

2   First, Detective Patterson's affidavit did not state a handgun was the

3   weapon used in all the robberies.  Rather, regarding the second

4   Calimesa robbery, the affidavit stated that "the suspect appeared to

5   be gripping the handle of a gun, however [Anguiano] never saw the

6   weapon[.]"  CT 67, 69.  More importantly, prior to the search,

7   petitioner told Detective Patterson there was a shotgun in his house,

8   CT 23:15-18, and Detective Patterson was aware petitioner was a

9   convicted felon, CT 89, 157-58, who was prohibited from possessing a

10  firearm.  In any event, Detective Patterson testified at the

11  preliminary hearing that the shotgun was in plain view "on the living

12  room floor next to the couch[,] in between the coffee table and

13  couch[,]" CT 24:10-25:2, and the shotgun could properly be seized

14  under such circumstances.[8]  See Hudson v. California, 496 U.S. 128,

15  142, 110 S. Ct. 2301, 2310-11, 110 L. Ed. 2d 112 (1990) (where search

16  lawfully performed under warrant, Fourth Amendment permitted seizure

17  of contraband item in plain view).  Given these circumstances, any

18  attempt by defense counsel to suppress the shotgun based on the scope

19  of the warrant would have been futile, and "the failure to take a

20  futile action can never be deficient performance." Rupe v. Wood,

21  93 F.3d 1434, 1444-45 (9th Cir. 1996), cert. denied, 519 U.S. 1142

22  (1997); see also Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.) (counsel

23

24      [8]  Petitioner also complains the warrant was insufficiently
    particular since it allowed seizure of "[a]ny evidence that would
25  lead officers to believe another crime has been committed. . . ."
    CT 72-73.  However, since the shotgun was otherwise properly
26  seized, the Court need not address this contention.  See United
    States v. Washington, 797 F.2d 1461, 1473 (9th Cir. 1986) ("Any
27  articles seized pursuant to valid portions of the warrant need
    not be suppressed."); People v. Camarella, 54 Cal. 3d 592, 607
28  n.7, 286 Cal. Rptr. 780, 789 n.7 (1991) (same).

1  is not obligated to raise frivolous motions, and failure to do so

2  cannot constitute ineffective assistance of counsel), cert. denied,

3  513 U.S. 1001 (1994).

4

5      Thus, petitioner's ineffective assistance of counsel claim is

6  without merit, and the California Supreme Court's denial of the claim

7  was neither contrary to, nor an unreasonable application of, clearly

8  established federal law.

9

10                                **ORDER**

11      IT THEREFORE IS ORDERED that Judgment be entered denying the

12  petition and dismissing the action with prejudice.

13

14  DATE:  August 17, 2009            /S/ ROSALYN M. CHAPMAN
                                       ROSALYN M. CHAPMAN
15                                     UNITED STATES MAGISTRATE JUDGE

16
    R&R\09-0591.R&R
17  8/17/09

18

19

20

21

22

23

24

25

26

27

28